862 F.2d 315
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Lloyd Michael THOMAS, Plaintiff-Appellant,
v.
C.O. BARCLAY, Jr., Doctor, Portsmouth City Jail, Gary
Waters, Sheriff, Defendants-Appellees.
 No. 88-6695.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 25, 1988.
Decided Nov. 8, 1988.
 
 Lloyd Michael Thomas, appellant pro se.
 Thomas John Harlan, Jr. and Becky A. Powhatan, Willcox & Savage, PC, for appellees.
 Before CHAPMAN, WILKINSON, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Lloyd Michael Thomas appeals from the district court's order denying relief under 42 U.S.C. Sec. 1983. Our review of the record and the district court's opinion discloses that this appeal is without merit. Accordingly, we affirm on the reasoning of the district court.* Thomas v. Barclay, C/A No. 88-27-R (E.D.Va. June 13, 1988). We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 2
 AFFIRMED.
 
 
 
 *
 In West v. Atkins, 56 U.S.L.W. 4664 (U.S. June 20, 1988) (No. 87-5096), the Supreme Court held that a physician who is under contract with a state to provide medical services to prisoners on a part-time basis acts under color of state law for purposes of 42 U.S.C. Sec. 1983 when he treats an inmate. Id. at 4667. Dr. Barclay accordingly was a state actor in this case
 However, we conclude that Dr. Barclay did not exhibit deliberate indifference to Thomas's serious medical need in this case. See Estelle v. Gamble, 429 U.S. 97 (1976). He repeatedly examined Thomas and prescribed treatment for Thomas' pain. Neither negligence in diagnosis nor mere malpractice states a claim under Sec. 1983. See id.; Sosebee v. Murphy, 797 F.2d 179 (4th Cir.1986).